UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| JUAN COLLAZO | : | DOCKET NO. 18-cv-107 |
| REG. # 22102-075 | | SECTION P |
| | | |
| VERSUS | : | UNASSIGNED DISTRICT JUDGE |
| | | |
| CALVIN JOHNSON | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Juan Collazo. Collazo is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana.

### I.
#### BACKGROUND

Collazo pleaded guilty in the United States District Court for the Middle District of Tennessee to one count of conspiracy to distribute and possess with intent to distribute cocaine, a violation of 21 U.S.C. § 846. *United States v. Collazo*, No. 3:13-cr-209(1), doc. 187 (M.D. Tenn. Jul. 20, 2015). On July 20, 2015, he was sentenced to a ten-year term of imprisonment. *Id.* He now brings this petition to challenge the BOP's calculation of his sentence, alleging that the BOP erred by failing to credit him for 646 days in prior custody based on time he was out on bond. Doc. 1, pp. 6–7. He asserts that he exhausted his administrative remedies through the filing of a BP-11, which was denied on June 5, 2017. *Id.* at 2. He does not attach any decision on his administrative remedies or other evidence of exhaustion to his complaint.

# II.
# LAW & ANALYSIS

## A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

## B. *Application*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court thus has no authority to designate or calculate credit for time spent in jail prior to the commencement of a federal sentence. *See, e.g.*, *Wilson*, 112 S.Ct. at 1353–54. A district court may review a challenge to the BOP's refusal to grant

credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and a § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his administrative remedies.[1] *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce*, 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

Here, as stated above, Collazo asserts that he presented his claim to the BOP through a BP-11 and that his administrative remedy was denied. Doc. 1, p. 2. The BP-11, which is an appeal to the general counsel, is the final stage of the BOP's administrative remedy procedure. 28 C.F.R. § 542.15(a). Thus, adjudication of the claim at that level would appear to satisfy the exhaustion requirement. Without access to the general counsel's decision, however, we have no way of determining if the claim was properly exhausted or if it was denied based on the petitioner's lack of compliance with some deadline or other procedural basis. We also cannot screen for the merits of this claim, because without access to the decision on the BP-11 and the BOP's sentence computation sheet we cannot determine whether the denial of sentencing credit was sound. Finally, we note for the petitioner that the Supreme Court has already held that time spent by a prisoner

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in *Jones* prohibits the sua sponte dismissal of a § 2241 petition of exhaustion grounds. *See, e.g.*, *Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); *accord Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

released on bail before his sentence began, even if subject to community confinement, is not "official detention" within the meaning of 18 U.S.C. § 3585(b). *Reno v. Koray*, 115 S.Ct. 2021, 2028–29 (1995). Thus, prisoner are not entitled to credit towards their federal sentences based on that time. *Id.*; *see also Siebert v. Chandler*, 571 Fed. App'x 328, 328–29 (5th Cir. 2014) (petitioner not entitled to sentencing credit for time spent released on bail and subject to home confinement prior to commencement of sentence, under *Koray*). We are bound by that precedent, and so Collazo must distinguish the circumstances of his case from those described in *Koray*.

### III.
#### CONCLUSION

In order for this court to determine whether the petition should survive our initial review, Collazo must amend his complaint within the next **60 days** and provide (1) the response to his BP-11 and (2) the BOP sentence computation sheet, reflecting the denial of credits he is challenging. If the administrative remedy response indicates that his claim was not properly exhausted, Collazo must explain why an exception to the exhaustion requirement applies to his case or provide documentation showing that the BOP's conclusion is incorrect. Otherwise, his suit is subject to dismissal for failure to exhaust. Finally, he must distinguish his claim that he is entitled to sentencing credit from time spent "on bond" from the precedent cited above, or else face dismissal of his petition under Rule 4, supra, for failure to show a real possibility of a constitutional error.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Collazo at his last address on file.

**IT IS ORDERED** that Collazo amend his complaint within **sixty (60) days** of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Collazo is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 22nd day of February, 2018.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE