UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JUAN COLLAZO** : | **DOCKET NO. 18-cv-0107** |
| **REG. # 22102-075** | **SECTION P** |
| **VERSUS** : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Johnny Collazo. Collazo is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.**
**BACKGROUND**

The factual basis for Collazo's claims is provided in our preceding amend order. Doc. 4. He claims that the BOP erred in denying him sentencing credit under 18 U.S.C. § 3585(b) for time spent out on bond. Doc. 1, pp. 6–7. In our amend order, we stated that we could not determine whether Collazo's petition should survive initial review without reviewing the BOP's responses

to his requests for administrative remedy. Doc. 4, p. 3. We also noted that, under Supreme Court precedent, prisoners are not entitled to sentencing credit under § 3585(b) for time spent released on bail before their sentence begins, even if subject to community confinement. Doc. 4, pp. 3–4; *see Reno v. Koray*, 115 S.Ct. 2021 (1995).

Collazo has now responded to our amend order by filing an amended petition and providing a copy of the response to his BP-11. Doc. 5; doc. 5, att. 1. The BP-11 response shows that his request for sentencing credit was denied under *Reno v. Koray*, supra, and Collazo makes no additional claims in his amended petition.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Application*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny sentencing credit is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992). A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has a made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

Collazo provides proof of his exhaustion through the BP-11 response. *See* 28 C.F.R. § 542.15(a) (designating the BP-11 as the final stage of the BOP's administrative remedy procedure). However, the decision on that request, and the claim as provided by Collazo, show that there is no error to the BOP's decision and no basis for relief under § 2241. As the BOP noted, the Supreme Court has already held that a prisoner's time released on bail before the beginning of his sentence, even if subject to community confinement, is not "official detention" within the meaning of § 3585(b). *Koray*, supra, 115 S.Ct. at 2028–29. Thus, prisoners receive no credit towards their federal sentences based on that time. *Id.*; *see also Siebert v. Chandler*, 571 Fed. App'x 328, 328–29 (5th Cir. 2014). We are bound by the precedent set in *Koray*, and Collazo has provided nothing to distinguish his case or otherwise show error to the BOP's determination. Accordingly, even after his amendment, it is plain that he can show no right to relief. His petition should thus be dismissed under Rule 4 as described above.

### III.
#### CONCLUSION

Collazo fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 19th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE